UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DERYCK A. HAREWOOD,

                Plaintiff,

    --against--

THE CITY OF NEW YORK,
DETECTIVE MICHAEL BRAITHWAITE Shield No.:
347 and "JOHN DOE",
                Defendants.
------------------------------------------------------------------X

**COMPLAINT**

Plaintiff, Deryck A. Harewood ("Harewood" or "Plaintiff"), through his attorney, Law Office of Vincent I. Eke-Nweke, P.C., as for his Complaint, complains of Defendants The City of New York (the "CITY"), Detective Michael Braithwaite and ("John Doe") (together "Defendants") and alleges upon information and belief, as follows:

## I. NATURE OF THE ACTION

1.    This is an action brought pursuant to the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, the Civil Rights Act of 1866, 42 U.S.C. §§ 1983 and 1985 ("§§ 1983 and 1985") and the Common Law of the State of New York, to redress the deprivation under color of law, of the rights, privileges, and immunities secured to Plaintiff by the aforementioned federal laws and the personal injuries suffered by Plaintiff as a result of the Defendants' conduct.

2.    Plaintiff seeks compensatory and punitive damages, and other appropriate relief pursuant to the Fourteenth Amendment to the Constitution of the United States, §§ 1983 and 1985 and the Common Law of the State of New York.

## II. JURISDICTION AND VENUE

3. Jurisdiction of the subject matter of this action is established in this court under 28 U.S.C. § 1343(3), Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and § 1983.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this court's jurisdiction, are based on the court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367, to hear related state law causes of action.

5. The events, parties, transactions, and injuries that form the basis of Plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of Plaintiff's claims brought under the Constitution and Common Law of the State of New York.

6. As the unlawful conduct complained of herein occurred within the Eastern District of New York and Defendants regularly do business within the Eastern District of New York, venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

## III. THE PARTIES

7. Plaintiff is a 45 years old Black male and at all relevant times was resident within Kings County, City and State of New York.

8. At all times herein alleged, the CITY was and is a municipal corporation duly organized and existing under the laws of the State of New York, and located in the City of New York. The CITY is vicariously liable for the conduct, acts or omissions of individual Defendants alleged herein.

9. At all times herein alleged, the CITY has and still does maintain a police department, The City of New York Police Department (hereinafter "Police Department"), with duly appointed

officers, detectives, sergeants and/or policemen, pursuant to State Law and the mandate of the CITY'S Charter.

10. At all times herein alleged, Defendant Braithwaite was and still is a duly appointed detective, employee or agent of the CITY and was acting for himself and within the scope of their employment with the CITY.

11. At all times herein alleged, Defendant "John Doe" was and still is a duly appointed police officer and/or detective employed by the CITY. The name "John Doe" being fictitious, the true name of said Police Officer and/or Detective being unknown to the Plaintiff, the person intended being certain Police Officer and/or Detective employed by the CITY, presumably, at the 67th Precinct of the CITY'S Police Department and was at all relevant times, acting for himself and within the scope of his employment with the CITY.

12. At all times herein alleged, each and all of the acts of the Defendants alleged herein were done by Defendants under color and pretense of the statutes, regulations, customs and usages of the State of New York and under the authority of their offices as alleged herein.

## IV. FACTUAL ALLEGATIONS

13. On or about June 11, 2007, Plaintiff was inside his home located at 806 Midwood Street, Brooklyn, New York, when Defendant Braithwaite and the individual described as Defendant "John Doe", without a warrant, or other legal process or justification, entered inside Plaintiff's said residence, arrested Plaintiff in the presence and full view of his mother, hand-cuffed Plaintiff in the back and drove him in a police motor vehicle to the 67th Precinct Station of the City of New York Police Department, located at 2820 Snyder, Avenue, Brooklyn, New York.

3

14. Upon arriving at said precinct, said Defendants, without a warrant, or other legal process or justification, hand-cuffed Plaintiff to a steel pole for over four (4) hours, subjected him to a sham lineup, entered his name on the records as under arrest, took his fingerprints and photographs in accordance with the usual police practice on arrest of criminals, interrogated him for several hours and detained him overnight in a dingy cell at said precinct.

15. Defendants detained Plaintiff for over 22 hours at said precinct. At about 5:30 p.m. on the next date, June 12, 2007, Plaintiff was transferred to Central Booking detention facility located at 120 Schemerhorn Street, Brooklyn, New York, where he was again finger printed, photographed and detained in a filthy cell for over 26 hours.

16. While being detained at the Central Booking, Plaintiff was arraigned in the Criminal Court of the City of New York in case assigned Docket No.: 2007KN044309 and charged with having allegedly committed several criminal offences, including, Criminal Possession of a Weapon in the Fourth Degree, Assault in the First, Second and Third Degrees and Murder in the Second Degree.

17. Upon being arraigned in Court on June 12, 2007, Defendants caused the Court to set excessive bail terms, which terms, Plaintiff was unable to post. Consequently, Plaintiff was remanded to Rikers Island, Queens, New York, correctional facility and the detained thereat, jailed and/or incarcerated until June 15, 2007 at approximately 6:00 p.m., when he was released.

18. Defendants prosecuted and/or caused the charges against Plaintiff to be presented before a Grand Jury in the Supreme Court of the State of New York, Kings County. Plaintiff testified before the Grand Jury and was later informed that the Grand Jury voted to dismiss the charges against him.

19. Plaintiff did not in any way engage in any of the charges alleged against him by Defendants, nor did Plaintiff commit any of offenses he was alleged to have committed. Plaintiff protested his arrest vehemently, advised the individual Defendants that he was innocent and also furnished them with exculpatory evidence that demonstrated that he could not have committed the offences but Defendants ignored such evidence.

20. As a result of the false arrest and malicious prosecution of Plaintiff and false accusations/charges by Defendants, Plaintiff incurred lost wages and other damages.

### AS FOR A FIRST CAUSE OF ACTION
### (FALSE ARREST/DEPRIVATION OF CIVIL RIGHTS)

21. Plaintiff realleges the allegations contained in paragraphs "1" through "20" inclusive.

22. The arrest and detention of Plaintiff were without probable cause and without any warrant or legal process directing or authorizing Plaintiff's arrest or detention.

23. Defendants, by themselves and/or through their agents, servants or employees, violated the provisions of § 1983, in that, acting under the color of law and in collaboration with each other, they deprived Plaintiff of his rights, privileges and/or immunities as guaranteed by the United States Constitution and its laws.

24. There is no justifiable excuse for Defendants' conduct alleged herein.

25. By arresting and detaining Plaintiff, Defendants violated the provisions of the Fourth Amendment to the United States Constitution and Article 1, § 12 of the New York State Constitution and the Common Law of the State of New York.

26. Plaintiff, as a result of the foregoing, was humiliated, injured in his reputation and has suffered great mental anguish, sleepless nights, emotional distress, lost wages and other

economic damages.

## AS AND FOR A SECOND CAUSE OF ACTION
## (FALSE IMPRISONMENT)

27. Plaintiff realleges the allegations contained in paragraphs "1" through "26" inclusive.

28. Defendants by themselves and/or in behalf of the CITY within the scope of their employment, unlawfully and intentionally arrested, imprisoned and detained Plaintiff in custody against his will.

29. The arrest, imprisonment and detention of Plaintiff was without reasonable cause and without a warrant.

30. Plaintiff, as a result of the foregoing, was humiliated, injured in his reputation and has suffered great mental anguish, sleepless nights, emotional distress, lost wages and other economic damages.

## AS AND FOR A THIRD CAUSE OF ACTION
## (MALICIOUS PROSECUTION)

31. Plaintiff realleges the allegations contained in paragraphs "1" through "37" inclusive.

32. Defendants unlawfully and intentionally arrested, detained and commenced criminal judicial prosecution against Plaintiff. The prosecution was terminated in plaintiff's favor.

33. The arrest, detention and prosecution of Plaintiff was malicious and unlawful and without just cause or reasonable cause.

34. Plaintiff, as a result of the foregoing, was humiliated, injured in his reputation and has suffered great mental anguish, sleepless nights, emotional distress, lost wages and other economic damages.

35.  In taking the above-described actions Defendants acted with malice and/or reckless indifference to Plaintiff's rights constitutional and statutory rights.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment:

(a)  against each Defendant in the sum of $1,000,000.00 for each cause of action;

(b)  directing the individual Defendants to pay Plaintiff an additional amount as punitive damages for their willful and/or reckless disregard for Plaintiff's constitutional and statutory rights

(c)  awarding Plaintiff such interest as is allowed by law;

(d)  awarding Plaintiff her reasonable attorneys' fees and costs; and

(e)  granting other such and further relief as this Court deems necessary and proper.

## VII. DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated:     Brooklyn, New York
           July 3, 2009

                                        LAW OFFICE OF VINCENT I. EKE-NWEKE, P.C.

                                        By: _____
                                            Vincent I. Eke-Nweke (VE 5282)
                                            Attorney for the Plaintiff
                                            498 Atlantic Avenue
                                            Brooklyn, New York 11217
                                            (718) 852-8300

7