UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

Deryck HAREWOOD,

                      Plaintiff,

                v.

Detective Michael BRAITHWAITE,
                      Defendant.

----------------------------------------------------------------x

**MEMORANDUM & ORDER**
09-CV-2874 (PKC) (RML)

PAMELA K. CHEN, United States District Judge:

*Background*

Plaintiff Deryck Harewood ("Plaintiff") seeks an order unsealing testimony given at the state grand jury proceeding in the criminal prosecution that underlies the instant federal civil rights action. (*See* Plaintiff's Motion for an Order Directing the Unsealing of Grand Jury Minutes ("Dkt. 57")). Plaintiff's claims arise out of his June 11, 2007 arrest and subsequent no true bill vote by the Grand Jury. (*See* Complaint, dated July 3, 2009). Here, Plaintiff asks the Court to compel the Kings County District Attorney's Office ("DA's Office") to provide transcripts of the testimony of certain witnesses who appeared before the grand jury. (Dkt. 57 ¶ 1, 3). Plaintiff previously moved, prior to the close of discovery, to unseal the grand jury minutes (Dkt. 7); the DA's Office opposed. (Dkt. 9). Judge Levy denied the motion based on Plaintiff's failure "to explain why his need for disclosure is greater than the state's interest in continued grand jury secrecy." (Order of Magistrate Judge Levy, dated March 3, 2010, at 3). For the reasons set forth below, the Court denies Plaintiff's application without prejudice to

1

renewal after attempting to secure relief from the state court that oversaw the grand jury proceedings.

*Discussion*

Where, as here, privileged matter is sought in an action premised upon federal claims, principles of federal law dictate the applicable privilege rules. *See e.g., Von Bulow v. Von Bulow*, 811 F.2d 136, 141 (2d Cir. 1987); *King v. Conde*, 121 F.R.D. 180, 189 (E.D.N.Y. 1988); *Burke v. New York City Police Dep't*, 115 F.R.D. 220, 224 (S.D.N.Y. 1987). However, it is well settled that "[a] strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to substantive and procedural policy." *Wilson v. City of New York*, 06-CV-229, 2007 WL 4565138, at *1 (E.D.N.Y. Dec. 21, 2007) (quoting *Lora v. Board of Ed. of City of New York*, 74 F.R.D. 565, 576 (E.D.N.Y. 1977)).

New York preserves the secrecy of its grand jury by statute. N.Y. CRIM. PROC. LAW § 1920.25(4) (2007) (prohibiting the disclosure of "the nature or substance of any grand jury testimony, evidence, or any decision, result or other matter attending a grand jury proceeding."). Thus, although this Court is "not bound by state law protecting the secrecy of state grand jury proceedings[,]" *Cherry v. Rodenburg*, 04-CV-1902, 2008 WL 4610302, at *2 (E.D.N.Y. Oct.15, 2008), federal courts ought not order the disclosure of such proceedings unless the party seeking to compel disclosure, *inter alia*, "gives the State Courts the initial opportunity to adjudicate the request[.]" *Wilson*, 2007 WL at *1 (citing, *e.g., Palmer v. Estate of Stuart,* 2004 WL 2429806, at *2-3 (S.D.N.Y. Nov.1, 2004)). The overwhelming majority of precedent within this circuit supports the proposition that the appropriate process is for a movant to first seek relief in state court, regardless of whether an order unsealing grand jury minutes is ultimately proper. *See e.g.,*

2

*Anilao v. Spota*, 10-CV-32, 2013 WL 285394, at * 9 (E.D.N.Y. Jan. 25, 2013) ("In general, requests for disclosure of grand jury materials should be first directed to the court that supervised the grand jury's activities." (citing *Douglas Oil Co. of Cal. v. Petrol Stops Nw.,* 441 U.S. 211, 224–25 (1979))); *Frederick v. New York City*, 11-CV-469, 2012 WL 4947806, at * 11 (S.D.N.Y. Oct. 11, 2012) (discussing its previous holding that it "would not compel disclosure of the grand jury minutes until Plaintiff first sought an order to that effect in state court."); *Felmine v. City of New York*, 09-CV-3768, 2009 WL 3526486, at *1 (E.D.N.Y. Oct. 29, 2009) (listing cases where courts denied requests to unseal grand jury records where the movant did not first seek relief in state court); *Sclafani v. Spitzer*, 08-CV-3654, 2009 WL 1505276, at *1 (E.D.N.Y. May 28, 2009) (denying plaintiffs' application and "direct[ing] that any unsealing application be made in the first instance to the state court responsible for supervising the grand jury."); *Restivo v. Nassau County*, 06-CV-6720, 2008 WL 2938009, at *2 (E.D.N.Y. July 28, 2008) ("requests for disclosure of grand jury transcripts should be directed to the court that supervised the grand jury's activities."); *Ruther v. Boyle*, 879 F.Supp. 247, 250-51 (E.D.N.Y.1995) (holding that a Section 1983 civil rights plaintiff was required, as matter of comity, to request grand jury materials from state court that supervised grand jury before seeking to compel discovery of those materials in federal civil rights action). Plaintiff has not provided, nor can this Court find, any compelling reason to depart from that well-settled practice here. *See Felmine*, 2009 WL 3526486, at *1.

Without doubt, were the state court to deny Plaintiff access to grand jury testimony, the burden would "fall[] on this Court to make an independent determination of whether the grand jury transcripts should be released." *Palmer*, 2004 WL 456138, at *2; *see also King*, 121 F.R.D. at 187 ("New York state law does not govern discoverability and confidentiality in federal civil

rights actions . . . "). The Court reserves judgment as to whether Plaintiff can demonstrate a "particularized need" for the grand jury minutes "that outweighs the need for secrecy" in grand jury proceedings. *In re Grand Jury Subpoena*, 103 F.3d 234, 239 (2d Cir. 1996) (citations omitted). It will take up that question, if necessary, upon Plaintiff's renewal of his motion to unseal.

## *Conclusion*

Accordingly, the Court hereby denies Plaintiff's application for an Order compelling production without prejudice to renewal after attempting to obtain relief from the state court that oversaw the grand jury proceedings.

SO ORDERED:

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: July 23, 2013
Brooklyn, New York