UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

Deryck HAREWOOD,

                Plaintiff,

                v.

Detective Michael BRAITHWAITE,

                Defendant.

-----------------------------------------------------------------x

**AMENDED MEMORANDUM & ORDER ON THE PARTIES' MOTIONS *IN LIMINE***
09-CV-2874 (PKC) (RML)

PAMELA K. CHEN, United States District Judge:

On September 18, 2013, the Court issued a Memorandum & Order on the parties' motions *in limine*. The Court hereby amends section I.B.2. of that Order. The September 18, 2013 Order is reprinted below in its original form, except for the modified Section I.B.2., which appears as amended.

Before the Court are the parties' respective motions *in limine*. This matter is scheduled for jury trial before the undersigned to begin on September 23, 2013. The trial will be bifurcated into two phases, the liability phase and, if liability is found, a damages phase.

I. **Introduction**

Plaintiff Deryck Harewood ("Plaintiff") brings this false arrest, malicious prosecution, and wrongful imprisonment action pursuant to 42 U.S.C. § 1983 ("Section 1983") against Detective Michael Braithwaite ("Det. Braithwaite" or "Defendant").[1] His claims arise out of his

---

[1] Plaintiff's complaint alleged false arrest, malicious prosecution, and wrongful imprisonment pursuant to Section 1983, the New York State Constitution and New York

June 11, 2007 arrest and subsequent no true bill vote by the Grand Jury. (*See* Complaint, dated July 3, 2009 ("Dkt. 1").) The Court assumes the parties' familiarity with the facts in this case. For a detailed description, see Judge Block's Memorandum & Order on defendants' motion for summary judgment, dated February 10, 2012. (Dkt. 39 ("SJ Op.").)

In anticipation of trial, both parties have filed motions *in limine* (Dkt. 75, 77), which were discussed at the pre-trial conference held on September 13, 2013 (the "Conference"). For the reasons discussed on the record at the Conference, in conjunction with those set forth herein, the Court rules as follows:

**A. Plaintiff's Motions *in Limine***

1. To Exclude Plaintiff's Prior Arrests

Plaintiff moves for an order excluding evidence of Plaintiff's prior arrests, other than his February 10, 2007 arrest for marijuana possession. (Dkt. 75, at 4-6.) Plaintiff's motion is **granted in part and denied in part**.

The parties agree that Plaintiff's February 10, 2007 arrest is relevant to the reasonableness of Det. Braithwaite's inclusion of Plaintiff's picture in the photo array that led to his identification by Beverly Creary. Therefore, evidence regarding this arrest will be admissible during both phases of trial.

During the damages phase of trial, Defendant may present evidence regarding all of Plaintiff's prior arrests, except his 1994 arrest. Defendant may use the permissible prior arrests

---

common law. (Dkt. 1.) Defendants the City of New York, Det. Braithwaite, and an unidentified New York Police Department ("NYPD") employee moved for summary judgment. (Dkt. 29.) The motion was granted in part and denied in part. (Dkt. 39.) Only Plaintiff's Section 1983 claims for false arrest, malicious prosecution, and wrongful imprisonment against Det. Braithwaite remain to be tried. (*Id*.)

solely to rebut Plaintiff's argument that the emotional injuries and post-traumatic stress disorder he suffered resulted from his June 2007 arrest and incarceration underlying this suit ("causation argument"). Plaintiff's 1994 arrest for marijuana and cocaine possession is of minimal probative value and unduly prejudicial given, *inter alia*, the length of time between the arrest and the events underlying this claim. It is inadmissible for any purpose. *See* Fed. R. Evid. 404, 609(b).

2. <u>To Exclude Plaintiff's Alleged Marijuana Use in 2007 and Beliefs About the Legality of Marijuana</u>

Plaintiff moves for an order precluding cross-examination of Plaintiff about his use of marijuana in 2007 and his belief that marijuana is an herb, not an illegal drug. (Dkt. 75 at 6.) Plaintiff's motion is **granted in its entirety**.

Although the Court may have indicated at the Conference that testimony about Plaintiff's 2007 marijuana use could be introduced, upon reconsideration, the Court has determined that it should not be admitted. Though Plaintiff's admission about marijuana use may bolster the credibility of Beverly Creary's testimony about seeing Plaintiff smoking marijuana during the relevant time frame, this is not an admissible purpose. Ms. Creary's credibility in general is not relevant to the issues in this case; rather, only Ms. Creary's credibility at the time of the arrest, based on information known to Defendant at that time, is relevant. Because Plaintiff did not admit to using marijuana at the time of his arrest, but only during his deposition relating to this case, it does not weigh on the reasonableness of Defendant's actions in relying on Ms. Creary's statements in deciding to arrest Plaintiff. Furthermore, Defendant suffers no prejudice from the exclusion of this testimony because the Court has ruled that Defendant will be permitted to introduce Plaintiff's February 2007 arrest for marijuana possession.

Regarding Plaintiff's belief about the legality of marijuana, Defendant concedes, and the Court finds, that such evidence is irrelevant and will not be introduced at trial. (Dkt. 80 at 3).

3. To Exclude Plaintiff's Belief Regarding a "Microchip" or "Biochip"

Plaintiff moves for an order to preclude cross-examination about his belief that a "microchip" or "biochip" was implanted in his head through which the NYPD may have tracked him. (Dkt. 75 at 2, 6.) This motion is **granted in part and denied in part**. Defendant concedes, as he must, that evidence of such statements would be unduly prejudicial during the liability phase of trial. (Dkt. 80 at 3), s*ee* Fed. R. Evid. 403. However, during the damages phase of trial, Defendant intends to present evidence of Plaintiff's statements to rebut Defendant's causation argument. The Court finds Plaintiff's statements admissible during the damages phase for this limited purpose.

4. To Preclude Assistant District Attorney John Gianotti From Testifying

Plaintiff moves for an order precluding Kings County Assistant District Attorney ("ADA") John Gianotti from testifying. (Dkt. 75 at 7). Defendant no longer intends to call ADA Gianotti. (Dkt. 80 at 3-4.) This motion is therefore **denied as moot**.

5. To Permit Plaintiff to Treat Det. Braithwaite and Jennifer Bess as Hostile

Plaintiff moves the Court to deem Det. Braithwaite and Jennifer Bess hostile witnesses so that he may examine them by leading questions. (Dkt. 75 at 7). Plaintiff's motion is **granted in part and preliminarily denied in part.**

Rule 611(c) provides that leading questions ordinarily should not be used on direct examination, except "when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." Fed. R. Evid. 611(c)(2). Defendant concedes that Det.

4

Braithwaite's testimony will be adverse to Plaintiff. Plaintiff's motion is therefore granted with respect to Braithwaite.

According to the proposed Joint Pretrial Order, only Plaintiff intends to call Bess as a witness. (Dkt. 47.) Plaintiff contends that Bess is adverse to Plaintiff because she is employed by the Kings County District Attorney's Office. Without more, the Court finds Plaintiff's motion premature with respect to Bess and reserves its ruling until such time the witness evinces hostility, bias, or recalcitrance during her testimony. *See S.E.C. v. World Info. Tech., Inc.*, 250 F.R.D. 149, 151 (S.D.N.Y. 2008).

### B. Defendant's Motions *in Limine*

#### 1. To Exclude Evidence and Argument that Braithwaite "Falsified" Evidence

Defendant moves to preclude Plaintiff from introducing evidence or argument that Braithwaite falsified evidence regarding the underlying incident. (Dkt. 77 at 3.) Defendant's motion is **denied**.

Defendant argues that Judge Block, to whom this matter was previously assigned, determined on summary judgment that Plaintiff's allegation that Det. Braithwaite falsified evidence lacks factual support. (Dkt. 77 at 2) (citing SJ Op. at 7). The citation relied on by Defendant does not support this argument. The passage in Judge Block's summary judgment opinion cited by Defendant appears to address the argument that the arrest reports relating to Plaintiff's *February* 2007 arrest were falsified—erroneously indicating that marijuana was recovered from Plaintiff at that time—in an attempt to link him to the crime underlying this action, which took place on May 17, 2007 and for which Plaintiff was arrested on June 11, 2007. (SJ. Op at 7.) Furthermore, Judge Block noted that, "[i]f there were evidence showing that

Braithwaite falsified evidence, this would be a serious matter that the jury could consider on the issue of false arrest." (*Id.*)

Defendant further contends that Plaintiff's allegations that Defendant falsified evidence are factually unsupported. (Dkt. 77 at 4). While this may very well be true, it is the jury's responsibility to determine those facts, and Plaintiff should be permitted to elicit evidence and make arguments bearing on that determination. Any confusion and prejudice can be avoided by credible, straightforward testimony by Det. Braithwaite and argument by his counsel.

Plaintiff is therefore entitled to inquire and submit evidence on the issue of whether Braithwaite falsified police reports relating to Plaintiff's arrest.

### 2. To Preclude Paul Gibbs, Dawn Gibbs, and Yvette Mixon From Testifying

Det. Braithwaite moves to exclude the trial testimony of all three Plaintiff's alibi witnesses, Paul Gibbs, Dawn Gibbs, and Yvette Mixon. (Dkt. 77 at 5.) Defendant argues that Paul Gibbs should be excluded from testifying because he refused to attend a deposition. Defendant moves to preclude Dawn Gibbs and Yvette Mixon (together "Alibi Witnesses") from testifying, arguing that there is no evidence that "Braithwaite was aware of their existence, let alone that they possessed exculpatory evidence." (Dkt. 77 at 5.) Defendant's motion is **granted in its entirety**.

The Court grants Defendant's motion with respect to Paul Gibbs based on his refusal to be deposed even when subpoenaed. Were Paul Gibbs to testify, Defendant would be prejudiced by having to confront his testimony for the first time at trial. *See e.g., Bynum v. Metro. Transp. Auth.*, 01 CV 7945 (CLP), 2006 WL 6555106 (E.D.N.Y. Nov. 21, 2006) (finding undue prejudice to a party where it would have had to confront new testimony at trial without the benefit of deposition).

Plaintiff claims that Det. Braithwaite is liable for his alleged failure to investigate Plaintiff's alibi defense and therefore the Alibi Witnesses' testimony is relevant. On September 18, 2013, the Court issued an order precluding the testimony of the Alibi Witnesses. The Court hereby modifies its analysis, though its conclusion remains the same—the Alibi Witnesses will not be permitted to testify.

Previously the Court ruled that the Alibi Witnesses' testimony was irrelevant because, in sum, "the issue of whether Det. Braithwaite *should* have investigated Plaintiff's claimed alibi cannot, and should not, be answered by what that investigation would have yielded." (Dkt. 83) (citing *Russo v. City of Bridgeport*, 479 F.3d 196, 209 (2d Cir. 2007), for the proposition that a police officer has a "duty to investigate specific, readily-verifiable claims of innocence in a reasonable time period."). However, after reconsidering *Russo*, the Court is convinced that, in order to succeed on an "unreasonably prolonged detention" claim, Plaintiff is required to make some showing that the evidence Det. Braithwaite allegedly failed to investigate would have been exculpatory, meaning that it tended to establish Plaintiff's innocence. *See Russo*, 479 F.3d at 209.

Notwithstanding this distinction, the Court finds that the Alibi Witnesses' testimony must be excluded because Plaintiff has provided no evidence demonstrating that, by expending reasonable effort, Det. Braithwaite would have learned of the Alibi Witnesses' existence or obtained exculpatory evidence from them. It is undisputed that Plaintiff never provided Det. Braithwaite with the names or contact information of the Alibi Witnesses. Plaintiff named only Paul Gibbs as having evidence of his alibi defense. If Paul Gibbs were testifying at trial, the Court would have to consider the possibility that Paul Gibbs might have alerted Det. Braithwaite to the significance of the Alibi Witnesses. However, without Paul Gibbs's testimony, there is no

evidence to show that Det. Braithwaite could have located the Alibi Witnesses, or how much effort would have been required to do so. It would be inappropriate for the jury to undertake such conjecture.

   3. To Exclude Damages-Specific Evidence and Argument From the Liability Phase of the Bifurcated Trial

Defendant requests that the Court preclude Plaintiff from introducing evidence and argument related to damages issues during the liability phase of trial. (Dkt. 77 at 12.) This motion is **granted** to the extent described herein.

As a general matter, the Court will preclude either party from presenting damages-specific evidence during the liability phase of trial. Specifically, Defendant seeks preclusion, during the liability phase, of: (i) Plaintiff's testimony about the prison facilities where he was held after being arrested on the underlying crime; (ii) his inability to work and earn income as a result of his incarceration; and (iii) the testimony of his mother, Sheila Harewood. The Court grants Defendant's motion with respect to this testimony and reserves judgment with respect to any other damages-specific issues that may arise at trial.

   4. Exclude or Limit Use of the Grand Jury Minutes

Defendant moves to exclude or limit use of the Grand Jury Proceeding minutes recently unsealed by the State Court. (Dkt 77 at 9). The Court **reserves judgment** on this motion pending its review of the minutes.

On July 15, 2013, Plaintiff moved this Court to unseal the minutes of Plaintiff's Grand Jury proceeding. (Dkt. 57.) The Court denied Plaintiff's application for an Order compelling production without prejudice to renewal after attempting to obtain relief from the state court that oversaw the Grand Jury proceedings. *Harewood v. Braithwaite*, 09-CV-2874 PKC RML, 2013

WL 3863905 (E.D.N.Y. July 23, 2013) (listing cases standing for the proposition that requests for disclosure of grand jury materials should first be directed to state court). On July 30, 2013, Plaintiff filed an Order to Show Cause in Kings County Supreme Court, moving to unseal the Grand Jury minutes related to the underlying criminal proceeding against Plaintiff. On September 17, 2013, the Kings County Supreme Court granted Plaintiff's motion and ordered that a sealed copy of the Grand Jury testimony be delivered to this Court.[2] (Dkt. 82.) Therefore, the Court reserves judgment on this motion until it conducts a review of the forthcoming Grand Jury minutes.

5. To Exclude Details Concerning the Grand Jury Proceedings

Defendant offers to stipulate to the fact that the Grand Jury proceeding ended without an indictment being returned against Plaintiff but moves to exclude further discussion of the proceeding and its outcome. (Dkt. 77, at 8.) At the Conference, Plaintiff stated that he was amenable to stipulation. However, he now notes in his opposition that he proposes to present the "disposition certificate and transcript of the underlying criminal proceeding" because "favorable termination" is an essential element on a malicious prosecution claim. (Dkt. 79 at 6.) Pending review of the "disposition certificate", the Court preliminarily finds it admissible. The Court **reserves judgment** as to the admissibility of other details around the Grand Jury proceedings pending review of the forthcoming Grand Jury minutes.

---

[2] As of the time of the issuance of this Order, the Court has not yet received the minutes.

6. To Exclude Reference to News Events

Defendant moves to exclude references to current news events concerning the NYPD, namely stop-and-frisk, from the trial. (Dkt. 77 at 13.) Plaintiff does not intend to introduce such evidence at trial. This motion is **denied as moot**.

7. To Exclude Evidence of Plaintiff's Military Record

Defendant moves to exclude evidence of Plaintiff's military record, including a certificate of release from the Army dated March 1986 and an award signed by Governor Pataki for "Conspicuous Service" dated June 10, 1997. (Dkt. 77 at 13). This motion is **denied in its entirety**. Plaintiff may testify as to his status as a veteran of the United States Armed Forces and his receipt of the "Conspicuous Service" award. However, other testimony of this nature will be strictly limited at trial, so as not to permit Plaintiff to improperly sway the jury, engender sympathy or bolster his credibility.

8. To Permit Evidence of Plaintiff's Prior Arrests for Limited Use

Defendant seeks permission to introduce during the liability phase of the trial a mugshot and pedigree relating to Plaintiff's February 10, 2007 arrest for marijuana possession. As previously discussed, this evidence is probative of Braithwaite's defense that he acted reasonably by including Plaintiff's picture in the photo array that he showed Ms. Creary, and by relying on her photo identification and subsequent in-person identification. Defendant's motion is **granted** as it pertains to the February 10, 2007 arrest.

Defendant also moves to introduce evidence regarding Plaintiff's prior arrests in the damages phase of the trial. (Dkt. 77 at 16.) This motion is **granted in part and denied in part**.

See *supra* Section I.A.1. for this Court's ruling regarding the admissibility and permissible uses of Plaintiff's prior arrests.

9. To Permit Use of Plaintiff's Tax Returns for Limited Purpose

Defendants move the Court to permit evidence of the Plaintiff's tax returns filed in the years 2006-2009. (Dkt. 77 at 19.) Defendant argues that they are relevant to both the liability and damages phases of the trial. Defendant has sought but not yet received the responsive documents from the Internal Revenue Service. (Dkt. 77 at 19, n.8.) The Court **reserves judgment** on this motion pending receipt and review of the tax returns in question.

## II. Police Reports

Both Plaintiff and Defendant move to introduce police reports as affirmative evidence during the liability phase at trial. The Court concludes that the NYPD reports listed below are admissible. NYC 32 and 54 are admissible on consent. The other exhibits are either offered for a non-hearsay purpose (*i.e.*, Det. Braithwaite's knowledge of the underlying incident at the time he determined he had probable cause), *see Drummond v. Castro* 55 F. Supp. 2d 667, 674 (S.D.N.Y. 2007), or are admissible as business or public record exceptions. *See* Fed. R. Evid. 803(6), 803(8).

- NYC 10 (Dkt. 79, Ex-1.)
- NYC 3 (Dkt. 79, Ex-2.)
- NYC 1 (Dkt. 79, Ex-3.)
- NYC 71 (Dkt. 79, Ex-4.)
- NYC 32 (Dkt. 79-6.) (Dkt. 81.)

- NYC 54 (Dkt. 79-7) (Dkt. 81.)

- NYC 75 (Dkt. 79-8.)

- NYC 60 (Dkt. 81.)

### III.    Conclusion

For the foregoing reasons, the Court grants, denies, and grants in part and denies in part the parties' motions *in limine*.

SO ORDERED:

/s/Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: September 23, 2013
        Brooklyn, New York