UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

DERYCK HAREWOOD,

Plaintiff,

v.

DETECTIVE MICHAEL BRAITHWAITE,

Defendant.

--------------------------------------------------------------x

**MEMORANDUM & ORDER**
09-CV-2874 (PKC) (RML)

PAMELA K. CHEN, United States District Judge:

Trial in this case is set for December 2, 2013. Plaintiff Deryck Harewood's claims that remain to be tried allege false arrest, malicious prosecution, and unreasonable detention against Defendant Detective Michael Braithwaite (or "Det. Braithwaite"), pursuant to 42 U.S.C. § 1983 ("§1983"). Although raised in the context of a motion *in limine*, Det. Braithwaite contends that Plaintiff's unreasonable detention claim should be dismissed because Plaintiff will not be able to present any permissible evidence at trial to support this claim. (Dkt. 95 at 7.) For the reasons set forth herein, Defendant's motion is DENIED.

***BACKGROUND***

Plaintiff's claims arise out of his June 11, 2007 arrest by Det. Braithwaite and the subsequent no true bill vote by the Grand Jury.[1] (Dkt. 1.) Plaintiff alleges that his arrest was based on a faulty eyewitness identification and that Det. Braithwaite failed to investigate Plaintiff's claimed alibi. With respect to the latter contention, Plaintiff claims that he was at

[1] The Court assumes the parties' familiarity with the facts in this case. For a more detailed description, see Judge Block's Memorandum & Order on defendants' motion for summary judgment, dated February 10, 2012. (Dkt. 39 ("SJ Op.").)

work at the time of the stabbing and that he provided Det. Braithwaite with the name of his boss, Paul Gibbs, and Gibbs' contact information, but that the detective never attempted to contact Gibbs and thus violated Plaintiff's constitutional right not to be unreasonably detained. (SJ Op. at 11-12; *Russo v. Bridgeport*, 479 F.3d 196, 209 (2d Cir. 2007).)

Plaintiff had intended to call as trial witnesses Paul Gibbs, as well as two co-workers, Dawn Gibbs, and Yvette Mixon, to prove the veracity of the alibi he had proffered to Det. Braithwaite. (Dkt. 79 at 5-6.) However, Paul Gibbs refused to be deposed during discovery, and the Court, upon Defendant's *in limine* motion,[2] precluded the testimony of all three purported alibi witnesses. *Harewood v. Braithwaite*, 09-CV-2874 (PKC), 2013 WL 5366391, at *3-4 (E.D.N.Y. Sept. 23, 2013). The Court granted Defendant's motion with respect to Paul Gibbs on the basis that "Defendant would be prejudiced by having to confront his testimony for the first time at trial." *Id.* at 4. That result, in turn, compelled the preclusion of Dawn Gibbs and Yvette Mixon (the "Alibi Witnesses") from testifying because:

> "Plaintiff has provided no evidence demonstrating that, by expending reasonable effort, Det. Braithwaite would have learned of the Alibi Witnesses' existence or obtained exculpatory evidence from them. It is undisputed that Plaintiff never provided Det. Braithwaite with the names or contact information of the Alibi Witnesses. Plaintiff named only Paul Gibbs as having evidence of his alibi defense. If Paul Gibbs were testifying at trial, the Court would have to consider the possibility that Paul Gibbs might have alerted Det. Braithwaite to the significance of the Alibi Witnesses. However, without Paul Gibbs's testimony, there is no evidence to show that Det. Braithwaite could have located the Alibi Witnesses, or how much effort would have been required to do so. It would be inappropriate for the jury to undertake such conjecture." *Id.*

On October 29, 2013, the Court asked the parties to submit their supplemental requests to charge. As part of its submission, Defendant moved to dismiss Plaintiff's

[2] Upon the parties' consent, discovery was re-opened after the summary judgment phase to allow the parties to depose all three alleged alibi witnesses. *See* Minute Order dated 5/22/13.

unreasonable detention claim based, in part, on Defendant's position regarding the applicable standard for proving this claim.

## *DISCUSSION*

Defendant's argument in support of his motion is that because Plaintiff is precluded from presenting his alibi witnesses at trial, he cannot prove, as he must under the applicable legal standard, that the alibi he claims that Defendant improperly failed to investigate would have "conclusively established his innocence." (Dkt. 95 at 2; *Russo*, 479 F.3d at 209.)

In *Russo v. Bridgeport*, 479 F.3d 196 (2d Cir. 2007), the case at the heart of this motion, the Second Circuit established the principle that a law enforcement officer's failure to investigate a pretrial detainee's claim of innocence could give rise to a cause of action where the detention was unreasonably prolonged and the exonerating evidence was readily verifiable ("*Russo* claim"). *Id*. at 210-11. The district court in *Thompson v. City of New York*, 603 F. Supp. 2d 650, 656 (S.D.N.Y. 2009) distilled from *Russo* the following elements for an unreasonable detention claim: "(i) [the plaintiff] was wrongfully incarcerated for an unreasonable length of time; (ii) the defendant-officer, by expending reasonable cost and effort, could have conclusively established the plaintiff's innocence; (iii) the defendant-officer failed to do so; and (iv) the defendant-officer acted with a culpable mental state—i.e., with intent to unlawfully detain the plaintiff or deliberate indifference to his constitutional rights." *Thompson*, 603 F. Supp. 2d at 656 (citing *Russo*, 479 F.3d at 210-11).[3] The Court adopts this standard in its jury instructions for trial.[4]

Defendant argues that in light of the preclusion of Plaintiff's alibi witnesses, Plaintiff cannot prove that his alibi "could have conclusively established" his innocence and that his

---

[3] Judge Block endorsed this formulation in denying Defendant's motion for summary judgment on this issue. (SJ Op. at 11).

[4] See this Court's simultaneously issued order regarding the proposed jury instructions.

unreasonable detention claim must, therefore, be dismissed. (Dkt. 95 at 2-3; 5-7.) While the Court agrees that the absence of the alibi witnesses weakens Plaintiff's *Russo* claim, it does not operate as a complete bar to Plaintiff's claim. Rather, the absence of these witnesses goes to the weight of the evidence.

As Judge Block found in denying Defendant's summary judgment motion:

> "Taking the facts in the light most favorable to Harewood … Braithwaite knew or had reason to suspect that Creary's identification was mistaken but nevertheless chose to arrest and prosecute Harewood. Harewood also contends that he informed Braithwaite he was at work at the time of the stabbing, but that Braithwaite failed to investigate his alibi. A reasonable jury may therefore find that Braithwaite could have established Harewood's innocence—by investigating evidence that would undermine Creary's identification, for example—and that he failed to do so …" (SJ Op. 11-12.)

Under this reasoning,[5] the preclusion of the alibi witnesses does not warrant dismissal because Plaintiff has other alibi evidence, namely, his own testimony about being at work at the time of the stabbing,[6] which, when considered in tandem with the alleged faulty eyewitness

---

[5] This Court adheres to Judge Block's earlier ruling as the law of the case. *See Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) ("The law of the case doctrine commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case.") (quotations omitted).

[6] The Court recognizes that at the September 23, 2013, pre-trial conference, the Court "preliminarily" stated that it would likely prohibit Plaintiff from testifying as to the *substance* of his alibi, *i.e.*, that he was at work on the day of the arrest. At that time, however, the Court was considering using a different standard for the Russo claim—one under which Plaintiff would not be required to "conclusively establish" his innocence of the underlying crime—for the specific purpose of avoiding a criminal mini-trial within a federal civil rights trial. However, after further consideration, the Court has concluded that the Second Circuit intended to limit claims of unreasonable detention to those cases where an officer, by expending reasonable time and effort, could have conclusively established the plaintiff's innocence, and that the *Thompson* court's formulation of the *Russo* standard is, therefore, correct.

The Court assumes that Defendant's motion to prevent "Mr. Harewood [from testifying] about actually being at work [the day of the alleged underlying crime] as opposed to telling the officer [he] was at work" was made in contemplation of a potentially "lower" *Russo* claim standard. (Dkt. 95 Ex. 2 at 30.) However, given the Court's adoption of the "conclusively

identification, could permit the jury to find that the alibi evidence would have conclusively established Plaintiff's innocence.

Defendant also argues that Harewood's unreasonable detention claim should be dismissed because an officer has no duty to investigate an alibi. This is incorrect.[7] All of the cases cited by Defendant in support of this proposition discuss the duty to investigate an alibi in the context of false arrest. (Dkt. 95 at 7 (citing *Jocks v. Tavernier,* 316 F.3d 128, 135-36 (2d Cir. 2003); *Gaston v. City of New York*, 851 F.Supp. 780, 791 (S.D.N.Y. 2012); *Celestin v. City of New York*, 581 F. Supp. 2d 420, 432 (E.D.N.Y. 2008); *Drummond v. Castro*, 522 F. Supp. 2d 667, 678 (S.D.N.Y. 2007). It would make no sense to apply a probable cause analysis to a determination of whether a plaintiff was unreasonably *detained*, following an arrest that was based on *probable cause*. As Defendant himself notes, "[a] false arrest claim is premised on the plaintiff showing, among other things, that the arresting officer lacked probable cause for the arrest. A *Russo* claim rises after a lawful arrest based on probable cause…." (Dkt. 99 at 1.)

## ***CONCLUSION***

For the foregoing reasons, Defendant's motion is denied.

SO ORDERED:

---

established standard," which Defendant has vigorously urged, the Court would deny any re-assertion of the request to preclude Plaintiff's own alibi testimony.

[7] The Court recognizes this argument may have been made in contemplation of a "lower standard" on Plaintiff's *Russo* claim. Defendant also argues—possibly also in contemplation of a lower jury standard—that Beverly Creary's alleged faulty identification weighs only on Plaintiff's false arrest claim, not on his *Russo* claim. (Dkt. 99 at 1-2.) However, under a "conclusively established" standard, the circumstances surrounding the identification may, in fact, be relevant to whether Plaintiff's alibi, coupled with the alleged weakness of that identification, would have exonerated Plaintiff, thereby supporting the unreasonable detention claim.

/s/Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: November 25, 2013
Brooklyn, New York